```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


PAUL PANZER                                   CIVIL ACTION

VERSUS                                        NO: 15-2257

SWIFTSHIPS, LLC ET AL.                        SECTION: "J"(1)
```

## ORDER & REASONS

Before the Court is a *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)* **(Rec. Doc. 10)** filed by Defendants, Swiftships LLC, Swiftships Shipbuilders LLC, Swift Group LLC, ICS Nett Inc., and ICS Marine Inc.; an opposition thereto (Rec. Doc. 16) filed by Plaintiff, Paul Panzer; and a reply (Rec. Doc. 25) filed by Defendants. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from Defendants' decision to deny Plaintiff employment based on information obtained in a consumer report. Plaintiff initially applied to work for Defendants in May 2015. (Rec. Doc. 13, at 4.) As part of that process, Plaintiff emailed his resume to the email address provided on Defendants' website. *Id.* After interviewing, Plaintiff was advised that he had been hired and was told to report to work on June 1, 2015. *Id.* at 4-5. However, upon reporting for work, Plaintiff was informed that he would not be hired. *Id.* at 5.

Shortly thereafter, Plaintiff received a letter from a company called "SentryLink," which stated that it had provided a background check on Plaintiff to one of the Defendants. *Id.* Plaintiff believes that he was denied employment because of erroneous information obtained in the background check. *Id.* at 6. Specifically, Plaintiff claims that the background check incorrectly stated that he had been arrested or convicted of a crime. *Id.*

On June 21, 2015, Plaintiff filed suit on behalf of himself and all others similarly situated, alleging that Defendants failed to adhere to the disclosure requirements of the Fair Credit Reporting Act ("FCRA"). (Rec. Doc. 1, at 1.) Plaintiff subsequently amended his complaint on September 15, 2015, to assert additional claims based on Defendants' failure to provide him with a copy of the consumer report and allow him the opportunity to contest the inaccurate information contained in the report prior to denying him employment. (Rec. Doc. 13, at 11-12.)

Plaintiff's Amended Complaint asserts two class-based and individual causes of action. First, Plaintiff alleges that Defendants willfully violated the FCRA, 15 U.S.C. § 1681b(b)(2)(A), by obtaining consumer reports on Plaintiff and other job applicants for employment purposes without providing the required disclosures and notifications. *Id.* at 10-11.

2

Second, Plaintiff alleges that Defendants willfully violated the FCRA, 15 U.S.C. § 1681b(b)(3)(A), by using consumer reports to make adverse employment decisions without providing Plaintiff and other job applicants with a copy of the report and a summary of their rights under the FCRA. *Id.* at 11-12. For these alleged violations, Plaintiff seeks statutory and punitive damages, as well as attorney's fees and costs. *Id.* In addition, with regard to the second cause of action, Plaintiff seeks actual damages. *Id.* at 12.

Defendants filed the instant *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)* **(Rec. Doc. 10)** on September 8, 2015, prior to the date Plaintiff filed the Amended Complaint. Plaintiff responded in opposition on October 13, 2015. Defendants replied to Plaintiff's opposition on October 21, 2015.

## PARTIES' ARGUMENTS

Defendants contend that Plaintiff lacks Article III standing to invoke the subject matter jurisdiction of this Court because Plaintiff has not alleged, and cannot establish, an injury in fact. (Rec. Doc. 10-1, at 2.) Defendants argue that Plaintiff has not alleged any actual harm and, instead, merely alleges eligibility for statutory damages for a purported violation of a statutory notice provision. *Id.* at 3. Defendants maintain that mere allegations of violations of a federal

3

statute, without any accompanying concrete harm, are insufficient to establish an injury in fact. *Id.* at 6. Therefore, Defendants assert that Plaintiff lacks standing to invoke this Court's jurisdiction. *Id.*

In response, Plaintiff sets forth several arguments in opposition to Defendants' motion. As an initial matter, Plaintiff explains that Defendants filed the current motion prior to Plaintiff filing the Amended Complaint. (Rec. Doc. 16, at 4.) For this reason, Plaintiff argues that Defendants' motion should be denied as moot. *Id.* at 5-6. Second, Plaintiff contends that he has alleged an actual injury in fact. According to Plaintiff, the Amended Complaint alleges that he and the putative class have suffered the following actual, concrete injuries: (1) deprivation of information, also referred to as an "informational injury," in the form of being deprived of a disclosure to which they were entitled; (2) invasion of privacy; and (3) lost employment opportunities caused by Defendants' failure to abide by the notice and opportunity-to-contest provisions of the FCRA before denying them employment. *Id.* at 4-5, 7. Third, Plaintiff maintains that Congress may create statutory rights, the deprivation of which confers standing on the persons to whom the right was granted. *Id.* at 8-11. Because he specifically alleged that he suffered actual injury and because he seeks statutory damages authorized by Congress,

4

Plaintiff argues that he has standing to pursue his claims on behalf of himself and the proposed class. *Id.* at 6-7.

In their reply, Defendants point out that the Fifth Circuit has withdrawn the authority on which Plaintiff relies for the proposition that this Circuit recognizes an "information injury" as a sufficient injury in fact for purposes of standing. (Rec. Doc. 25, at 1.) In addition, Defendants dispute Plaintiff's allegation that he suffered an invasion of privacy. According to Defendants, Plaintiff explained that Congress enacted the FCRA to prevent an undue invasion of an "individual's right of privacy in the collection and dissemination of <u>credit information</u>." *Id.* at 2. Defendants argue that Plaintiff has not raised any issue regarding credit information and he has no right of privacy in matters of public record. *Id.*

## **LEGAL STANDARD**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a facial challenge

to a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003); *see also* 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3522 (3d ed. 2008). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

*Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## DISCUSSION

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (citing U.S. Const. art. III, § 2). "'One element of the case-or-controversy requirement' is that plaintiffs 'must establish that they have standing to sue.'" *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). Standing is the determination of whether a specific person is the proper party to bring a matter to the court for adjudication. The United States Supreme Court has declared that "[i]n essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). This inquiry "often turns on the nature and source of the claim asserted." *Id.* at 500.

In its constitutional dimension, standing concerns justiciability. "As an aspect of justiciability, the standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Id.* at 498-99. A

7

federal court's jurisdiction can be invoked only when the plaintiff himself has suffered "some threatened or actual injury resulting from the putatively illegal action." *Id.* at 499.

"To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List*, 134 S. Ct. at 2341 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The injury-in-fact requirement helps to ensure that the plaintiff has a "personal stake in the outcome of the controversy." *Id.* (quoting *Warth*, 422 U.S. at 498). An injury sufficient to satisfy Article III must be "concrete and particularized" and "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* (quoting *Lujan*, 504 U.S. at 560).

Article III standing is a threshold question in every federal court case. Because standing is a matter of subject matter jurisdiction, a motion to dismiss for lack of standing is properly brought pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Lujan*, 504 U.S. at 561. As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing standing. *Id.*

It is well established that Congress may not erase Article III's standing requirements by statutorily granting the right to

8

sue to an individual who would not otherwise have standing. *Raines*, 521 U.S. at 820 n.3. Congress may, however, create legal rights by statute, the alleged deprivation of which can confer standing to sue. *Warth*, 422 U.S. at 500 ("The actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing . . . .'").

The FCRA, the statute at issue here, was the product of Congressional concern over abuses in the credit reporting industry. The legislative history of the FCRA indicates that its purpose is to protect a consumer from inaccurate or arbitrary information about himself in a consumer report that is being used as a factor in determining the individual's eligibility for credit, insurance, or employment.[1] S. Rep. No. 91-517, at 1 (1969). The FCRA recognizes that "the consumer has a right to know when he is being turned down for credit, insurance, or employment because of adverse information in a credit report and to correct any erroneous information in his credit file." *Id*. at 2. For example, whenever an individual is rejected for employment because of an adverse credit report, the individual

---

[1] For purposes of the FCRA, the term "consumer" means individual and the term "consumer report" means "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes." 15 U.S.C. § 1681a(c)-(d)(1).

9

is given the right to be told the name of the agency making the report. *Id.* at 1. Following disclosure, the individual is given an opportunity to correct inaccurate or misleading information in his credit file. *Id.*

Plaintiff asserts causes of action for Defendants' violation of the FCRA requirements regarding disclosure to consumers and conditions on use of consumer reports for adverse actions. Section 1681b(b)(2)(A) guarantees consumers a certain kind of disclosure before a person procures a consumer report containing their information. 15 U.S.C. § 1681b(b)(2)(A). Specifically, it promises a consumer "a clear and conspicuous disclosure . . . made in writing . . . before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes." *Id.*

Section 1681b(b)(3)(A) requires that, "in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter." *Id.* § 1681b(b)(3)(A). The FCRA defines an "adverse action" as "a denial of employment or any other decision for

10

employment purposes that adversely affects any current or prospective employee." *Id.* § 1681a(k)(1)(B)(ii).

In the instant case, Plaintiff claims that he suffered an "informational injury" because he was deprived of information to which he was entitled. In *Federal Election Commission v. Akins*, the Supreme Court held that Congress, by statute, could create a right to information and that the denial of such information was an injury sufficient to satisfy the injury-in-fact requirement of standing. 524 U.S. 11, 21 (1998). Likewise, the Fifth Circuit has recognized such "informational injuries." *See Grant ex rel. Family Eldercare v. Gilbert*, 324 F.3d 383, 387 (5th Cir. 2003) ("The 'inability to obtain information' required to be disclosed by statute constitutes a sufficiently concrete and palpable injury to qualify as an Article III injury-in-fact." (citing *Akins*, 524 U.S. at 21)). Under the FCRA, Plaintiff and other consumers have the right to specific information at specific times. Here, Plaintiff is alleging that Defendants failed to provide the required disclosure before they obtained a consumer report on Plaintiff for employment purposes. The allegation that Defendants failed to provide that information is sufficient to show "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent." *Lujan*, 504 U.S. at 560. Accordingly, Plaintiff has alleged a sufficient injury for purposes of Article III standing.

11

Defendants' argument that Plaintiff must allege actual damages in order to establish an injury in fact is without merit. By enacting the FCRA, Congress gave consumers the legal right to obtain certain information and a private right of action through which individual consumers can enforce their rights. Notably, the statutory cause of action does not require a showing of actual harm when a plaintiff sues for willful violations. Under § 1681n(a), "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to . . . damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a). "Because 'actual damages' represent an *alternative* form of relief and because the statute permits a recovery when there are no identifiable or measurable actual damages, this subsection implies that a claimant need not suffer (or allege) consequential damages to file a claim." *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 705-06 (6th Cir. 2009).

Of course, the Constitution limits the power of Congress to confer standing. *See Lujan*, 504 U.S. at 577. However, the Constitution does not prohibit Congress from "elevating to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Id.* at 578. In *Robins v. Spokeo, Inc.*, the Ninth Circuit considered whether a

12

mere violation of the FCRA confers Article III standing on a consumer whose right under the FCRA is violated. 742 F.3d 409 (9th Cir. 2014) *cert. granted,* 135 S. Ct. 1892 (Apr. 27, 2015) (No. 13-1339).[2] The court identified two constitutional limitations on congressional power to confer standing. First, a plaintiff must be "among the injured," in the sense that he alleges the defendants violated *his* statutory rights. *Id.* at 413 (quoting *Beaudry*, 579 F.3d at 707). Second, "the statutory right at issue must protect against 'individual, rather than collective, harm.'" *Id.* The court determined that the plaintiff satisfied both requirements. *Id.* at 413-14. Therefore, the court held that the plaintiff's allegations that a website operator willfully violated his rights under the FCRA were sufficient to satisfy the injury-in-fact requirement of standing, even though he failed to allege any actual damages. *Id.*

Here, the two constitutional requirements are met. First, Plaintiff alleges that Defendants violated *his* statutory rights, not just the statutory rights of others, so he is "among the injured." Second, the FCRA liability provision does not authorize suits by members of the public at large, but creates a

---

[2] The United States Supreme Court has granted a writ of certiorari in the case of *Spokeo, Inc. v. Robins*, which is set for oral argument on November 2, 2015. The question presented asks, "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."

sufficient nexus between the individual plaintiff and the legal violation. The liability provision states that any person who willfully fails to comply with the provisions of the FCRA with respect to any consumer "is liable *to that consumer*." 15 U.S.C. § 1681n(a) (emphasis added). Therefore, the alleged violations of Plaintiff's statutory rights are sufficient to satisfy the injury-in-fact requirement of Article III.

Other courts considering this issue have likewise held that similar alleged violations of statutory rights were sufficient to satisfy the injury-in-fact requirement of Article III standing. *See Mabary v. Home Town Bank, N.A.*, 771 F.3d 820, 823-24 (5th Cir. 2014) (holding that consumer's allegation that bank failed to post external notice of fees on its ATMs, in violation of EFTA, was sufficient to allege injury in fact), *opinion withdrawn* (Jan. 8, 2015)[3]; *Hammer v. Sam's E., Inc.*, 754 F.3d 492, 499 (8th Cir. 2014) (holding that customers' claims that retailer printed more than last five digits of their credit card numbers on receipts, in violation of FACTA, was sufficient to allege injury in fact); *Beaudry*, 579 F.3d at 705 (holding that consumer's allegation that companies providing check

---

[3] The Fifth Circuit's opinion in *Mabary v. Home Town Bank, N.A.* has been withdrawn at the parties' request while the petition for rehearing was pending and, therefore, is not binding precedent. However, a court may examine a withdrawn opinion to consider the persuasiveness of its reasoning. *See Likens v. Hartford Life & Acc. Ins. Co.*, 688 F.3d 197, 200 n.1 (5th Cir. 2012). Although the Fifth Circuit's decision in *Mabary* is no longer binding on this Court, the Court finds its reasoning to be persuasive.

verification services failed to account for change in numbering system used by state driver's license system, which led to inaccurate report in violation of FCRA, was sufficient to allege injury in fact); *Manuel v. Wells Fargo Bank, Nat. Ass'n*, No. 3:14CV238, 2015 WL 4994538, at *6 (E.D. Va. Aug. 19, 2015) (holding that consumer's allegation that bank provided inadequate disclosure to him in connection with background screening for employment at bank, in violation of FCRA, was sufficient to allege injury in fact); *Jones v. Experian Info. Solutions, Inc.*, 982 F. Supp. 2d 268, 271 (S.D.N.Y. 2013) (holding that consumer's allegation that credit reporting agency failed to perform a reasonable investigation into the accuracy of a credit report once consumer disputed certain items, in violation of FCRA, was sufficient to allege injury in fact).

Moreover, Plaintiff seeks actual damages for his claim under § 1681b(b)(3)(A). Defendants' arguments do not address Plaintiff's allegations that Defendants violated the FCRA by using a consumer report to make an adverse employment decision without first providing Plaintiff with a copy of the report and a summary of his rights. Plaintiff claims that Defendants' violation of § 1681(b)(3)(A) caused him to suffer an actual, concrete injury in the form of a lost employment opportunity. As mentioned above, the FCRA gives an individual the right to know when he is being turned down for employment because of adverse

15

information in a credit report and the right to correct any erroneous information in his credit file. S. Rep. No. 91-517, at 2 (1969). Plaintiff alleges that Defendants deprived him of these rights, which caused him actual harm in the form of a lost employment opportunity. Therefore, Defendants' argument that Plaintiff has not alleged any actual harm must fail.

In addition to injury in fact, Article III standing requires causation and redressability. *Susan B. Anthony List*, 134 S. Ct. at 2341. Where statutory rights are asserted, courts have described the standing inquiry as "boiling down to 'essentially' the injury-in-fact prong." *Spokeo*, 742 F3d at 414. When the injury in fact is the violation of a statutory right, causation and redressability will usually be satisfied. *Braatz, LLC v. Red Mango FC, LLC*, No. 3:14-CV-4516-G, 2015 WL 1893194, at *3 (N.D. Tex. Apr. 27, 2015) (quoting *Spokeo*, 742 F3d at 414). First, there is little doubt that a defendant's alleged violation of a statutory provision "caused" the violation of a right created by that provision. *Id.* Second statutes frequently provide for monetary damages, which redress the violation of statutory rights. *Id.*

Plaintiff has adequately pleaded causation and redressability in this case. First, the violations of Plaintiff's rights created by the FCRA are fairly traceable to Defendants' alleged violations of the FCRA's provisions. Second,

16

the FCRA provides for monetary damages to redress violations of the rights created by the statute. Moreover, Defendants' motion does not appear to dispute that Plaintiff has properly pleaded the elements of causation and redressability.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)* **(Rec. Doc. 10)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Leave to File Surreply in Further Opposition to Motion to Dismiss* **(Rec. Doc. 26)** is **DENIED as moot**.

New Orleans, Louisiana this 23rd day of October, 2015.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE