UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAUL PANZER                                        CIVIL ACTION

VERSUS                                             NO. 15-2257-CJB-SS

SWIFTSHIPS, LLC, et al

ORDER

PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Rec. doc. 45)

**DENIED**

PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS (Rec. doc. 47)

**DENIED**

## Background

The plaintiff, Paul Panzer ("Panzer"), filed a complaint on behalf of himself and all others similarly situated against Swiftships, LLC ("Swiftships"), Swiftships Shipbuilders, LLC, Swift Group, LLC ("Swift Group"), ICS Nett, Inc. ("ICS Nett"), and ICS Marine, Inc. for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b.

Panzer alleges that: (1) in May 2015 he submitted email applications for employment, including his resume, with Swiftships and Swift Group; (2) on May 26, 2015, he was interviewed for a position; (3) he was told he was approved by the home office; (4) two days later his social security number was requested; (5) thereafter he was told he would not be hired; (6) he was notified by Sentry Link that it provided a consumer report/background check to ICS Nett; and (7) defendants violated FCRA by obtaining a consumer report without first providing a clear and conspicuous written disclosure that a consumer report may be obtained for employment purposes. Panzer alleges, on information and belief, that he was denied employment because the consumer

report/background check indicated that he was arrested or convicted of a crime. He states that he has never been arrested or convicted of a crime. Rec. doc. 13 at 6.

Panzer alleges that: (1) the defendants constitute an integrated enterprise, with common management, common ownership or financial control, centralized control of labor relations, and a functional interrelation of operations; (2) they have the same officers, managers and share common ownership; (3) they share a centralized source of authority for the development of personnel policies; and (4) they operate as a single unit. Rec. doc. 13 at 6-7.

Panzer brings his complaint as a class action on behalf of any person who applied to defendants and did not receive a clear and conspicuous written disclosure that a consumer report may be obtained for employment purposes. Rec. doc. 13.

The defendants moved to dismiss the complaint for lack of subject matter jurisdiction. Rec. doc. 10. In denying the motion to dismiss, the District Judge described Panzer's amended complaint as alleging two causes of action.

> First, Plaintiff alleges that Defendants willfully violated the FCRA . . . by obtaining consumer reports on Plaintiff and other job applicants for employment purposes without providing the required disclosures and notifications. Second, Plaintiff alleges that Defendants willfully violated the FCRA . . . by using consumer reports to make adverse employment decisions without providing Plaintiff and other job applicants with a copy of the report and a summary of their rights under the FCRA.

Rec. doc. 27 at 2-3.

On October 14, 2015, Panzer served written discovery on each of the defendants. Rec. doc. 31 (Exhibit A). On December 18, 2015, defendants made partial responses. Id. (Exhibit B). Further responses were made on January 18, 2016. Id. (Exhibits C and D).

On December 2, 2015, a scheduling order was entered including the following: (1) January 8, 2016 for amending pleadings; (2) June 15, 2016 to move for class certification; (3) August 29,

2016 for completion of discovery; (4) pretrial conference on September 29, 2016; and (5) trial on October 24, 2016. Rec. doc. 30.

On March 8, 2016, Panzer moved to compel. He reported that defendants agreed to supplement their discovery responses by February 26, 2016, but this was not done. Defendants were ordered to supplement their responses by April 7, 2016. Rec. doc. 37.

In responding to Panzer's discovery, defendants disputed whether a criminal background check was a consumer report within the meaning of FCRA. Panzer filed a motion for partial summary judgment on the issue. On April 22, 2016, the District Judge denied the motion without prejudice:

> Discovery is ongoing. The current, partially developed record is inadequate for summary judgment on whether the background check at issue in this case is a consumer report under the FCRA. Plaintiff is seeking what essentially amounts to an advisory opinion by the Court. This Court has no power to offer an advisory opinion based on hypothetical facts.

Rec. doc. 44 at 2.

On June 8, 2016, Panzer filed a motion for leave to amend complaint. Rec. doc. 45. On June 9, 2016, he filed a motion to compel and for sanctions. Rec. doc. 47. On June 15, 2016, he filed a motion to certify class which is set before the District Judge on August 24, 2016. Rec. doc. 48. Defendants filed oppositions to the motions to amend and to compel. Rec. docs. 49 and 51. Panzer submitted replies. Rec. docs. 58 and 60.

## Motion to Amend

In S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA, 315 F.3d 533 (5th Cir. 2003), the Fifth Circuit held that Fed. R. Civ. P. 16(b) governs the amendment of pleadings after a deadline in a scheduling order has expired.

3

> Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.

Id. at 536. The Fifth Circuit applied a four-part test to determine whether the district court's refusal to modify its scheduling order was an abuse of discretion: (1) the explanation for the failure to move timely for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Id. at 536.

Panzer contends that good cause is present because: (1) defendants did not respond to his October 14, 2015 discovery requests until April 12, 2016; (2) they only recently notified Panzer of their position that background checks run by ICS Nett for OCR Global are outside the scope of the litigation; (3) until such notice, Panzer was not aware of the need to add OCR Global as a defendant; (4) if it is determined that OCR Global is a necessary party, the amendment is required; (5) defendants will not be prejudiced because discovery is not complete; and (6) the deadlines in the scheduling order, including the discovery cutoff of August 29, 2016 and the trial date of October 24, 2016 will not be affected by the amendment. Rec. doc. 45 (Memorandum).

Panzer reports that defendants' April 12, 2016 discovery responses only identified seven individuals for whom consumer reports were obtained. He issued a subpoena to SentryLink, a consumer reporting agency used by defendants to obtain reports. It responded that between June 2014 and the present, it performed 112 background searches for ICS Nett.

Defendants' explanation is that: (1) Washington Metro Area Transit Authority ("WMATA") awarded a contract to ICS Nett to operate a call center for the Metro Subway of Washington, D.C.; (2) ICS Nett subcontracted performance of the WMATA contract to OCR Global for the staffing of the call center; (3) the WMATA contract with ICS Nett requires

background checks on individuals working at the call center; (4) these "individuals are, typically, not employees at all, but rather independent contractors receiving Forms 1099 from OCR Global;" (5) ICS Nett obtained the background checks for the individuals working at the call center; and (6) the difference between the seven background checks identified in the discovery responses and the 112 reported by SentryLink refers to backgrounds checks for OCR Global. Rec. doc. 49 (Exhibit 2) and at 5-6.

Panzer provided an explanation for the failure to move for leave to amend to add OCR Global prior January 8, 2016. There is potential prejudice in permitting the addition of an additional party this far into the proceedings. A continuance of the deadlines in the scheduling order, including the trial date, is not available to cure the prejudice. The motion for leave to amend will be denied.

## Motion to Compel

Panzer requests an order requiring defendants to comply with the March 24, 2016 discovery order (Rec. doc. 37). He contends that defendants' failure to provide information on the 112 individuals who were subjected to background checks for OCR Global violated the discovery order. Rec. doc. 47(Memorandum at 6-7). He stresses that OCR Global is part of the integrated enterprise alleged in the amended complaint.

Defendants respond that they were not required to provide information on the 112 individuals in response to Panzer's written discovery. Their argument concerns the term "employee." They note that it is not a defined term in the written discovery. Interrogatory no. 2 to ICS Nett and the other defendants sought identification of all persons "who applied for an employment position with Defendant. . . ." Rec. doc. 31(Exhibit A – Interrogatories to ICS Nett). Interrogatory no. 3 sought the identification "of all current employees, for whom you requested

5

and received a background check or other consumer report from June 21, 2010 to the present." Id. Defendants urge they were not required to provide information about independent contractors for a non-party, OCR Global. Rec. doc. 49 at 3-4.

The undersigned finds that defendants were not required to identify independent contractors in response to Panzer's interrogatories. Defendants did not violate the March 24, 2016 discovery order. There is no basis for an award of sanctions.

IT IS ORDERED that: (1) Panzer's motion for leave to file an amended complaint (Rec. doc. 45) is DENIED; and (2) Panzer's motion to compel (Rec. doc. 47) is DENIED.

New Orleans, Louisiana, this 5th day of July, 2016.

_____
**SALLY SHUSHAN**
**U.S. Magistrate Judge**